MERVYN GOMPERT ET AL., APPELLANTS, V. GREAT WESTERN SUGAR COMPANY, A CORPORATION, APPELLEE.

164 N. W. 2d 459

Filed January 31, 1969. No. 36944.

Van Steenberg, Winner & Wood, for appellants.

Wright, Simmons & Hancock, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

The plaintiff, Mervyn Gompert, operates a farm in Scotts Bluff County, Nebraska. The defendant operates a sugar factory near Mitchell, Nebraska. In 1965 the plaintiff entered into a contract with the defendant to grow sugar beets upon a 25-acre tract owned by the plaintiff and his wife.

The plaintiff purchased chemicals from the defendant which he applied to the beet field for the purpose of weed control. The beets failed to develop satisfactorily

so the field was replanted to beans on June 6, 1965. The beans did not grow properly so the field was again replanted to beans on July 1, 1965. The second bean planting did not mature and plaintiff did not harvest a crop from the 25-acre tract in 1965.

The plaintiffs claim that the bean crop was damaged and prevented from maturing by the chemicals purchased from the defendant; that the defendant had represented and warranted to the plaintiff that the chemicals would not be harmful to beans planted in fields to which chemicals had been applied; and that the defendant was negligent in regard to representations which it made to the plaintiff concerning the chemicals. The plaintiffs' first cause of action alleged the breach of an express warranty and the second cause of action alleged negligence.

The defendant alleged that it made no warranty as claimed by the plaintiff and that the plaintiff was contributorily negligent and assumed the risk of damage.

The jury returned a verdict for the defendant. The plaintiffs' motion for new trial was overruled and they have appealed. The assignments of error relate to the instructions.

The plaintiffs contend that instruction No. 18 was erroneous because it included the following language: "* * * there is no duty upon a seller concerning an article which is sold except where the product is used for the purpose for which it is ordinarily and generally sold and except also where seller makes a specific warranty or promise in reference to it."

It was stipulated at the pretrial conference that all warranties alleged by the plaintiffs were express and not implied. Instruction No. 18 merely stated that there is no duty upon a seller concerning a product unless a specific warranty or promise is made in reference to the product, or the product is used for the purpose for which it is ordinarily and generally sold. See Mueller v. Keeley, 165 Neb. 243, 85 N. W. 2d 309. Instruction No.

18 advised the jury that a seller may be liable for an express warranty. It was not erroneous or prejudicial, particularly when considerd in its entirety and together with the other instructions to the jury.

The plaintiffs further contend that the trial court should not have submitted the issue of contributory negligence and assumption of risk to the jury.

The evidence shows that the beets were planted in 22-inch rows and that the chemicals were applied at the time of planting in 7-inch bands centered on the rows. This left a 15-inch area between the rows to which the chemicals were not applied.

The defendant produced evidence that at the time the plaintiff was considering abandoning the beet crop, he was advised that the defendant's recommendations were, in order of preference, that the plaintiff (1) replant beets, or (2) plant corn, or (3) plant between the beet rows, or (4) deep plow. The plaintiff did not follow these recommendations but used a spring tooth harrow to prepare the field, and made no attempt to plant the beans between the beet rows. There was other evidence from which the jury could have found that the paintiff should have known that the chemicals had remained active longer than normally expected and would damage or destroy any broad-leaved plant at the time the beans were planted.

With respect to the issue of assumption of risk there was evidence that the plaintiff knew that there were problems involved in the use of chemicals and understood the risk involved in planting beans in soil that had been treated with the chemicals purchased from the defendant. The plaintiff testified that he "checked around" and "asked different people" and then decided to "gamble on beans." The trial court did not err in submitting the issues of contributory negligence and assumption of risk to the jury.

The judgment of the district court is affirmed.

AFFIRMED.